**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAYMOND PRICE** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **3:11-CV-1330** |
| | : | **(JUDGE MARIANI)** |
| **PATRICK ZIRPOLI** and | : | |
| **FRANCIS SCHUSTER** | : | |
| **Defendants** | : | |

# MEMORANDUM OPINION

## I. Introduction

Before the Court are Defendants' Motions to Dismiss (Docs. 8, 15), all accompanying briefs, Magistrate Judge Mannion's Report & Recommendation ("R&R") (Doc. 22), and Defendant Schuster's Objections (Doc. 23). For the reasons set forth below, the Court will overrule Defendant Schuster's Objections, adopt Judge Mannion's R&R, and grant in part and deny in part Defendants' Motions to Dismiss.

## II. Factual Allegations and Procedural History

At the time this cause of action arose, Plaintiff was a Corrections Officer ("CO") at the Wayne County Correctional Facility ("WCCF"). (Compl., Doc. 1, at ¶ 8). One David Adsit was a prisoner at WCCF. (*Id.* at ¶ 9). Plaintiff alleges that Defendant Schuster, another CO at WCCF, "undertook a supposed investigation into supposed acts of abuse and assault committed by Plaintiff against Adsit" in part by "maintain[ing] a journal within the

WCCF in which he detailed the supposed acts of abuse and assault committed by Plaintiff against Adsit." (*Id.* at ¶¶ 12-13).

On April 7, 2010, Defendant Zirpoli, a Pennsylvania State Trooper, based on statements made by Defendant Schuster, filed a Criminal Complaint against Plaintiff charging Plaintiff with Simple Assault, Harassment, and Official Oppression.[1] In the Criminal Complaint and Affidavit of Probable Cause (Compl., Ex. A), Zirpoli accused Plaintiff "of striking Adsit in the legs with the antenna of his radio; of striking Adsit in the sides with closed fists; and of striking Adsit in the legs with Adsit's boot" (Compl., ¶ 15) on January 1 and 2, 2010. Plaintiff's preliminary hearing before Magisterial District Judge Ted Mikulak was April 26, 2010. (*Id.* at ¶ 16). Adsit, however, testified at the hearing that Plaintiff never punched him [Adsit] on January 1st. (*Id.* at ¶ 17; *see also* Ex. B). Judge Mikulak concluded that the Commonwealth had not proven its *prima facie* case and dismissed all charges against Plaintiff. (*Id.* at ¶ 18).

Shortly thereafter on May 4, 2010, Defendant Zirpoli filed a second Criminal Complaint against Plaintiff again charging Plaintiff with Harassment and Official Oppression (*Id.* at ¶ 19), but not Simple Assault. (*Compare* Compl. Ex. A to Ex. C). The Affidavit of Probable Cause was identical to the first Criminal Complaint against Plaintiff. On June 1, 2010, another preliminary hearing was held before Judge Mikulak. (*Id.* at ¶ 22). This time, however, Judge Mikulak bound over the charges against Plaintiff for trial. (*Id.* at ¶ 23).

[1] The relevant Pennsylvania statutes are 18 PA. CONS. STAT. § 2701(a)(1), a misdemeanor of the second degree, 18 PA. CONS. STAT. § 2709(a)(1), a summary offense, and 18 PA. CONS. STAT. § 5301(1), a misdemeanor of the second degree.

Following a five-day trial in March 2011, the jury concluded Plaintiff was not guilty of all charges. (*Id.* at ¶¶ 24, 30).

Plaintiff alleges that Kevin Bishop, Warden at WCCF, and Mark Steelman, Sheriff of Wayne County, (*Id.* at ¶¶ 31-32) met with Adsit in February 2010, before any Criminal Complaints had been filed against Plaintiff. (*Id.* at ¶ 33). Following this meeting, on February 11, 2010, Warden Bishop created a report which "specifically indicated that Adsit denied that he had been abused by prison staff." (*Id.* at ¶¶ 34-35; *see also* Compl. Ex. D).

Because of this report from Warden Bishop, Plaintiff contends that Defendants knew or should have known that Adsit denied any abuse at the hands of prison COs when Defendant Zirpoli filed the first Criminal Complaint against Plaintiff. In addition, when Defendant Zirpoli filed the second Criminal Complaint against Plaintiff, Defendants knew or should have known about both the February report, as well as Adsit's denials of abuse at the first preliminary hearing. (*Id.* at ¶¶ 36-37).

In Count I (Fourth Amendment claim), Plaintiff alleges that Defendants "individually and in concert and conspiracy with each other," arrested him "in total deprivation of his liberty and freedom from the time of the filing of the first Criminal Complaint" until the jury rendered its verdict of not guilty in March 2011, causing him "to retain legal counsel at a considerable cost and expense," and ultimately resulting in his suspension and termination from WCCF as a CO to his great humiliation. (*Id.* at ¶¶ 39, 42-46). Finally, Plaintiff alleges that Defendants acted with malice and wanton disregard for his rights. (*Id.* at ¶ 46).

## III. Standard of Review

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report & Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); Local Rule of the Middle District of Pennsylvania 72.3.

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[W]hen presented with a motion to dismiss for failure to state a claim, . . . [the] Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). The "Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211.

District courts confronted by a motion to dismiss should engage in a two-step analysis. First, the district court should accept all well-pleaded facts as true, but may reject mere legal conclusions. Second, the district court should then determine whether the facts as asserted, establish a "plausible claim for relief." *Iqbal,* 129 S. Ct. at 1950. Thus, a complaint must "show" an entitlement for relief with facts, as a mere allegation that a plaintiff is entitled to relief is insufficient to withstand a motion to dismiss. *See Phillips v. Co. of Allegheny,* 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court noted in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be a "context- specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; see also Fowler,* 578 F.3d at 210-11.

## IV. Analysis

Following briefing from both Defendants in support of their motions to dismiss, Plaintiff conceded that his Fourteenth Amendment claim against each of them failed to state a claim for relief (Docs. 10, 19). As such, Judge Mannion recommended it be dismissed against both Defendants, and the Court will adopt the recommendation accordingly. Therefore, the only claim remaining is Count I, which alleges that Defendants violated Plaintiff's Fourth Amendment rights. Plaintiff also appears to allege a conspiracy claim against both Defendants.

a. Defendant Schuster's Motion to Dismiss

Defendant Schuster claims Judge Mannion committed several errors in his R&R. First, Defendant Schuster argues that Plaintiff's claim for Fourth Amendment rights violations should be dismissed insofar as it alleges Defendants conspired against him. Judge Mannion's R&R did not specifically address the conspiracy portion of Count I, so assuming Plaintiff is asserting a separate claim for conspiracy, the Court will evaluate his claim.

Defendant Schuster correctly cites the elements of a conspiracy claim under § 1985(3): (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) and act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). However, conspiracy claims under § 1985(3) must allege that the plaintiff is a member of an identifiable "class." *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 802 (3d Cir. 2010) ([T]he reach of section 1985(3) is limited to . . . conspiracies predicated on racial, or perhaps otherwise class-based, invidiously discriminatory animus.") (internal citations and quotation marks omitted). To satisfy this standard, "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an

identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006).

The Complaint is silent as to whether Plaintiff is alleging that Defendants conspired against him as a member of an identifiable class, and as such, the Court does not construe his Complaint to make a conspiracy claim under § 1985(3), but rather a claim under § 1983 asserting a conspiracy to deprive him of his Fourth Amendment rights. "In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federal protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir.1999) ("Unlike § 1985(3), a § 1983 conspiracy claim does not require that the conspiracy be motivated by invidious discrimination."), *superseded by statute on other grounds* as stated in *P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009). As such, Defendant Schuster's argument under § 1985(3) is inapposite.

Nevertheless, a careful reading of Plaintiff's Complaint reveals only conclusory allegations that Defendants "individually and in concert and conspiracy with each other" arrested Plaintiff twice. These arrests forced him to expend considerable resources to defend himself, exposed him to humiliation, and ultimately resulted in termination from his job as a CO at WCCF. (*Id.* at ¶¶ 39, 42-46). Nowhere does Plaintiff allege facts from which the Court could conclude that a conspiracy existed between Defendants Schuster and Zirpoli (that is, that there was an agreement between the two), and accordingly, the Court

will dismiss without prejudice the conspiracy claim to the extent Plaintiff is asserting one. However, the Court will grant Plaintiff leave to amend his Complaint so he may plead with specificity the necessary elements of a cause of action for conspiracy as a count separate and distinct from his Fourth Amendment count.

Second, Defendant Schuster contends that Judge Mannion failed to recognize that he, Schuster, was acting as a private citizen when he reported Plaintiff's alleged misconduct to Defendant Zirpoli. Defendant Schuster's level of involvement in initiating arrest or prosecution of Plaintiff is unclear from the face of the Complaint. Defendant Schuster's argument that he acted only as an eyewitness may very well be true, but construing the Complaint in the light most favorable to Plaintiff and accepting all of Plaintiff's allegations as true, the Court determines that it is premature to dismiss the claim against Defendant Schuster at this time. Following discovery, additional facts may come to light that would enable the Court to determine whether a genuine issue of material fact exists with respect to this defense.

Third, Defendant Schuster argues that he is entitled to qualified immunity. As Judge Mannion concluded, this question is tied to whether probable cause existed (*see infra*) and as such, is inappropriate to grant at this time.

Finally, Defendant Schuster claims that Judge Mannion incorrectly failed to find that probable cause existed for Defendant Schuster to make a statement regarding Plaintiff's alleged abuse of Adsit and for Defendant Zirpoli to rely on that statement when charging

Plaintiff. However, simply because Judge Milkulak bound the charges in the second Criminal Complaint over for trial does not mean that this Court is bound to accept that probable cause existed for either arrest or prosecution. *Pardue v. Gray*, 136 F. App'x 529, 532 (3d Cir. 2005) (citing to *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789 (3d Cir. 2000) ("The common law presumption raised by a magistrate's prior finding that probable cause exists does not apply to section 1983 actions."). Because Plaintiff has alleged that Defendants knew or should have known of Warden Bishop's report that Adsit denied he had been abused by prison staff (*Id.* at ¶¶ 34-35; *see also* Compl. Ex. D), Plaintiff has adequately alleged that Defendants chose to ignore the report and maliciously instituted criminal proceedings against him in April 2010 and again in May 2010 after Adsit testified at a preliminary hearing that Plaintiff had not assaulted Adsit.

Though the extent of Defendant Schuster's objections ends here, for the sake of clarity and the future organization of this case, the Court finds it necessary to make the following observations: as Defendants and Judge Mannion have already noted, Plaintiff's Complaint does not identify specifically whether Defendants (a) falsely arrested him, (b) falsely imprisoned him, (c) maliciously prosecuted him, or some combination of the three. § 1983 false arrest and malicious prosecution[2] claims generally are brought under the Fourth Amendment:

[2] At least with respect to malicious prosecution claims, they can be brought under the First Amendment when not implicating the deprivation of a liberty interest under the Fourth Amendment. *Johnson*, 477 F.3d at 82, n.8.

> To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [plainitiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Malicious prosecution differs from false arrest inasmuch as "[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir.1998); *see also Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process.").

*Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007). Count I expressly alleges violations of Plaintiff's Fourth Amendment rights. As such, the Court determines that Plaintiff is alleging both false arrest and malicious prosecution in the sole remaining count. He may pursue both claims because the claim for false arrest would enable Plaintiff to recover damages for the period of time between his detention and his arraignment or issuance of process, whereas the claim for malicious prosecution would enable Plaintiff to recover damages for the period of time between his detention and the resolution of the legal proceedings in his favor.

However, unlike false arrest and malicious prosecution claims, "a false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citing *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689, 2693,

61 L.Ed.2d 433 (1979)). Count II included a claim for substantive and procedural due process rights violations under the Fourteenth Amendment, but Plaintiff has "consent[ed] to the dismissal of the allegations set forth at Count II of his Complaint." (Doc. 10, at 7; Doc. 19, at 10). Therefore, Plaintiff no longer asserts a claim for false imprisonment.

In a final comment on probable cause, the Court also points out that Plaintiff was subject to two Criminal Complaints. The first was dismissed by Judge Mikulak on April 26, 2010 because he determined the Commonwealth failed to make a *prima facie* case against Plaintiff. (Compl. ¶ 18). It had charged Plaintiff with Simple Assault, Harassment, and Official Oppression. (Compl. Ex. A). The Second Criminal Complaint, filed on May 4, 2010, dropped the Simple Assault charge and retained the Harassment and Official Oppression charges. (Compl. Ex. B).[3]

If the Court subsequently determines at a later stage of this case that probable cause existed for any one of these charges of Simple Assault, Harassment, or Official Oppression, Plaintiff's false arrest claims will fail. *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994). However, merely because the Court may find probable cause existed, for example, to support the charge of Official Oppression, does not necessarily mean that probable cause existed with respect to either of the other charges. In other words, for a defendant to escape liability on malicious prosecution claims, probable cause

[3] Following Adsit's testimony at the preliminary hearing that Plaintiff had not struck him on January 1, 2010, the Simple Assault charge was dropped against Plaintiff in the Second Criminal Charge. This distinction may be important for future dispositive motions.

must exist to support each charge for which a plaintiff was prosecuted. This distinction rests on important policy decisions.

> [A]n officer with probable cause as to a lesser offense could tack on more serious, unfounded charges which would support a high bail or a lengthy detention, knowing that the probable cause on the lesser offense would insulate him from liability for malicious prosecution on the other offenses.

*Johnson*, 477 F.3d at 83 (citing *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991)).

If, for example, the Court later determines probable cause existed for Official Oppression but not Harassment, yet Plaintiff was prosecuted for both charges, then a malicious prosecution claim would lie with respect to Harassment. But, a false arrest claim would not lie because there was probable cause to arrest for at least one charge. *See Johnson*, 477 F.3d at 84.

Therefore, going forward, any dispositive motions and supporting briefs Defendants may file should address the issues of (1) whether probable cause existed for any offense in both Criminal Charges to defend against Plaintiff's false arrest claim and (2) whether probable cause existed for each offense in both Criminal Charges to defend against Plaintiff's malicious prosecution claim.

In summary, the Court determines that Count I, which asserts claims for violations of Plaintiff's Fourth Amendment rights, includes claims for false arrest and malicious prosecution, but not false imprisonment. The Court also concludes that Plaintiff is asserting his false arrest and malicious prosecution claims with respect to both Criminal Complaints.

b. Defendant Zirpoli's Motion to Dismiss

Defendant Zirpoli did not file any objections to Judge Mannion's R&R and as such, the Court need only review the R&R for plain error or manifest injustice. Nearly all of Defendant Schuster's arguments would apply to Defendant Zirpoli, so without repeating itself, the Court will dismiss Plaintiff's Fourteenth Amendment claim but keep Plaintiff's Fourth Amendment claim against Defendant Zirpoli alive consistent with its analysis of Plaintiff's claim against Defendant Schuster.

## V. Conclusion

For the foregoing reasons, the Court will overrule Defendant Schuster's Objections, adopt Judge Mannion's R&R, and grant in part and deny in part Defendants' Motions to Dismiss. Plaintiff's Fourteenth Amendment substantive and procedural due process claim will be dismissed, but Plaintiff's Fourth Amendment claim for false arrest and malicious prosecution survives. To the extent he is asserting a § 1983 conspiracy claim, Plaintiff's claim is dismissed without prejudice with leave granted to amend his complaint. A separate Order follows.

Robert D. Mariani
United States District Judge